IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BENJAMIN FOLTA                                    PLAINTIFF/COUNTER-DEFENDANT

V.                                    CASE NO. 3:21-CV-3038

NORFORK BREWING COMPANY
and JASON AAMODT                        DEFENDANTS/COUNTER-PLAINTIFFS


ORDER

Now before the Court is a Motion to Dismiss Counterclaim (Doc. 33) filed by Plaintiff/Counter-Defendant Benjamin Folta. Defendants/Counter-Plaintiffs Norfork Brewing Company and Jason Aamodt (collectively, "Norfork") filed a Response in Opposition to the Motion (Doc. 35), and Mr. Folta filed a Reply (Doc. 36). For the reasons stated below, the Motion is **GRANTED**.

Mr. Folta's Second Amended Complaint (Doc. 31) asserts that Norfork failed to pay him sufficient minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). Norfork's Counterclaim (Doc. 32) alleges that around the time Mr. Folta started working at Norfork Brewing Company, he made an arrangement with separate Defendant Aamodt to finance the purchase of a 2008 Ram 1500 truck. Mr. Aamodt claims he supplied the collateral for Mr. Folta's truck loan, and Mr. Folta defaulted. Upon default, Mr. Aamodt's collateral was seized by the lender, and the truck was surrendered to Mr. Aamodt in a damaged condition. The Counterclaim includes state-law causes of action for breach of contract, fraud, and damage to chattel.

1

Mr. Folta's Motion to Dismiss argues the Counterclaim is not compulsory. The Court agrees.  Under Federal Rule of Civil Procedure 13(a), a counterclaim is compulsory when:

> (1) the issues of fact and law raised by the claim and counterclaim are largely the same; (2) res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) there is a logical relation between the claim and the counterclaim.

*Tullos v. Parks,* 915 F.2d 1192, 1194 (8th Cir. 1990).  Considering these factors, it is clear that Mr. Folta's claim for unpaid minimum and overtime wages is dissimilar to Norfork's claims related to a truck loan.  Res judicata would not bar a subsequent suit on Norfork's claim absent the Counterclaim.  In addition, the FLSA/AMWA claims do not require the same proof as the Counterclaim, and there is no logical relation between the wage claims and the truck-note claims—except for the fact that they accrued during Mr. Folta's employment with Norfork.

Since the Counterclaim is not compulsory, the next question is whether there is a reasonable basis for the Court to exert supplemental jurisdiction over the Counterclaim.[1] "[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a). To be considered "part of the same case or controversy," the claims and counterclaims must all "derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. Of Surgeons,* 522 U.S. 156, 157 (1997) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)).  Once again, it

---

[1] The Court's jurisdiction over Mr. Folta's affirmative claims is pursuant to 28 U.S.C. § 1331 (federal question jurisdiction over FLSA claim) and 28 U.S.C. § 1367(a) (supplemental jurisdiction over AMWA claim).

is clear the facts surrounding the Counterclaim do not overlap with the facts surrounding Mr. Folta's wage-and-hour claims.  The Counterclaim will require proof that Mr. Folta and Mr. Aamodt entered into an agreement to finance the purchase of a truck.  By contrast, the Amended Complaint will require proof about Mr. Folta's classification and job duties, including the number of hours he worked per week and the dollar amount he was paid.

As a policy matter, permitting an employer to assert a factually unrelated counterclaim against an employee in an FLSA action could have the effect of deterring that employee from seeking to enforce his right to a reasonable wage.  The Fifth Circuit observed that "courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused" because such counterclaims may predominate over the wage claims and "delay and even subvert" the remedial intent of the FLSA.  *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010) (citing *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983)).  For this and the other reasons previously stated, the Court declines to exercise supplemental jurisdiction over the Counterclaim.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Counterclaim (Doc. 33) is **GRANTED**.  The Counterclaim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 25th day of February, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3