IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BENJAMIN FOLTA                                                                                          PLAINTIFF

v.                                            CIVIL NO. 21-3038

NORFOLK BREWING COMPANY AND
JASON AAMODT                                                                                         DEFENDANTS

## ORDER APPROVING SETTLEMENT AS FAIR & REASONABLE

The parties herein participated in a settlement conference with the undersigned on September 1, 2022, resolving Plaintiff's FLSA claims. (See ECF No. 53). As part of the settlement, the parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), (ECF No. 54), and the matter was reassigned. On November 8, 2022, the parties fully executed a Settlement Agreement and Release and provided it to the undersigned for *in camera* review and for approval.

Plaintiff Benjamin Folta alleged his employer, Norfolk Brewing Company, and Jason Aamodt, as the operating employer, failed to pay him the statutory minimum hourly and overtime wage for all hours worked. Plaintiff contends that when he was paid a salary, it varied but was always less than $684 per week, arguing that no exemption applied but that, nevertheless, he was never paid the minimum salary to satisfy any exemption. (ECF No. 31). Plaintiff contends that when he was paid by the hour, Defendants never paid for more than a "capped" number of hours, under-paying Plaintiff for the actual hours worked. (ECF No. 31). Plaintiff says Defendants violated both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq*. (ECF No. 31). Defendants denied all of

1

Plaintiff's allegations, specifically denying that Plaintiff is owed any unpaid earned minimum and/or overtime wages. (ECF No. 32).

Before approving an FLSA settlement agreement, a court must determine that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Boland v. Baue Funeral Home Co.,* 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015) (cleaned up). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA." *King v. Raineri Constr., LLC,* 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). If the Court finds there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties. Such determination usually involves considering:

> [T]he stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiff's success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.* (citing *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014)).

Having presided over the settlement conference and familiarized itself with both the pleadings and the arguments of counsel, the Court is persuaded that bona fide disputes existed in this case. The parties fundamentally disagreed on the central issue of Plaintiff's entitlement to minimum and overtime wages as well as Defendants' assertion of an FLSA exemption. The Court is also satisfied that the Plaintiff's settlement is fair and reasonable as is the method for paying Plaintiff in installment payments. All parties were represented by counsel, and counsel achieved a settlement based on the merits of Plaintiff's FLSA claims while considering the strengths of the defense, and the reality of the costs and risks of continuing litigation through trial. Having

reviewed the terms of the Settlement Agreement and Release, the Court is convinced the settlement is the result of arms' length negotiations, and the total amount recovered for the Plaintiff represents a reasonable and not *de minimis* recovery for him after balancing the expense and uncertainty of proceeding with this action against Plaintiff's most readily provable damages.

For the reasons stated above, the Court finds that the parties' proposed settlement agreement should be, and hereby is, **APPROVED as fair and reasonable.** This matter will remain open until the Court rules on Plaintiff's Motion for Costs and Attorneys' Fees (ECF No. 56).

IT IS SO ORDERED this 8th day of November 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE