IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BENJAMIN FOLTA                                                            PLAINTIFF

v.                                                    CIVIL NO. 21-3038

NORFOLK BREWING COMPANY AND
JASON AAMODT                                          DEFENDANTS

## **ORDER**

Plaintiff sought relief from Defendants pursuant to the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201, *et seq.,* and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*. The parties litigated the matter for seventeen months, and on September 1, 2022, settled the case after participating in a settlement conference with the undersigned. All of Plaintiff's wage claims were resolved, and the parties' settlement agreement was approved by this Court on November 9, 2022. (ECF No. 62). The issue of attorneys' fees remains, and the parties consented to this Court's jurisdiction for resolution of same. (ECF No. 54).

Plaintiff's Motion for Costs and Attorneys' Fees (ECF No. 56) was filed by the Sanford Law Firm (SLF) on October 3, 2022. According to his pleadings, Plaintiff voluntary reduced his fee request to $27,940.50 for legal efforts expended between April 27, 2021, and September 1, 2021, and seeks to recover $729.80 in costs. Defendants responded and objected (ECF No. 60) on October 24, 2022, arguing, *inter alia,* that the requested fees constitute an unreasonable "windfall." Plaintiff replied in protest on October 31, 2021. (ECF No. 61). For reasons stated below, the undersigned grants Plaintiff's Motion for Costs and Attorney's Fees, awarding costs in the amount of $729.80 but reducing recoverable attorneys' fees to $17,577.50.

## I. The Law

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (2008). Congress included fee-shifting language so citizens would have access to the courts to enforce their federally protected rights. *Morales v. Farmland Foods, Inc.,* 2013 WL 1704722, at *5 (D. Neb, April 18, 2013). "The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Id*. Reasonable fees are "adequate to attract competent counsel but [do] not produce windfalls to attorneys." *Vines v. Welspun Pipes, Inc.,* 2020 WL 3062384 (E. D. Ark. June 9, 2020) (cleaned up); *see also Henrickson v. Branstad,* 934 F.2d 158, 162 (8th Cir. 1991). An award of attorneys' fees "under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client." *Morales*, 2013 WL 1704722, at *7 (citations omitted). "Cases may be overstaffed, and the skill and experience of lawyers vary widely" and thus, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee requested hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). The lodestar method is the "most useful starting point for determining the amount of a reasonable fee." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley,* 461 U.S. at 433. It requires consideration of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" and hours not "reasonably expended" must be excluded. *Hensley,* 461 U.S. at 434. After determining the lodestar, the court should then "adjust the fee upward or downward on the basis of the results obtained." *Wheeler v. Missouri Highway & Transp. Comm'n*,

348 F.3d 744, 754 (8th Cir. 2003).   The court may also consider other factors identified in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974).  *See Bonds v. Langston Companies, Inc.,* 2021 WL 4130508, *2 (E. D. Ark., Sept. 9, 2021).

## II.  Analysis

The Court first addresses Defendants' renewed objection to this Court's exercise of jurisdiction over this matter. In his decision addressing Defendants' motion for summary judgment on the issue of individual coverage under the FSLA, U.S. District Judge Brooks recognized that "the amount of time an employee works and the duties he or she performs present factual questions[1]," and determined that "genuine, material disputes of fact exist as to the quantity, quality and nature of [Plaintiff's] interstate contacts during his employment [with Defendants]." ECF No. 52, pp. 4-6.  Judge Brooks' ruling was well-known to the lawyers and discussed during the parties' settlement conference as the ruling was entered after the settlement conference commenced but before the parties reached their voluntary settlement.  Defendants' citation of *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) is inapposite and Defendants cite no other authority for their proposition that they can now defeat Plaintiff's fee request because this factual dispute existed *prior* to Defendants' resolution of the FLSA liability.

Turning to the merits of the pending motion, Defendants do not dispute that Plaintiff prevailed by way of a negotiated settlement and is thus entitled to recover reasonable attorneys' fees and costs; the only question remaining is the amount of recovery.  With respect to attorneys' fees, the Court must determine the number of hours reasonably expended multiplied by a reasonable hourly rate, and then make any appropriate reductions.  *Hensley v. Eckerhart,* 461 U.S. at 433-40.

---

[1] Citing *Reich v. Stewart*, 121 F.3d 400, 404 (8th Cir. 1997).

A.      **Reasonable Hourly Rates**

Consistent with its practice, SLF requests varying hourly rates for the multiple timekeepers who assisted on Plaintiff's matter: $383 an hour (Josh Sanford); $300 (Vanessa Kinney, Rob Chatham); $285 (Steve Rauls); $250 (Rebecca Matlock); $200 (Daniel Ford); $190 (Courtney Lowery); $150 (Laura Edmondson) and $100 for "paralegals." Defendants make numerous objections to Plaintiff's fee request – in particular, the request's proportionality to the contracted contingency relationship as well as the success obtained – but have not lodged any particularized objections to the individual hourly rates claimed by Plaintiff's multiple counsel.

Familiar with both the prevailing market rates in the Western District and the precedent of judges in both the Western and Eastern Districts, the Court finds the reasonable hourly rates for FLSA work performed herein are $250 for Josh Sanford; $200 for Vanessa Kinney, Steve Rauls, and Daniel Ford; $150 for Courtney Lowery and Rob Chatham; $125 for Rebecca Matlock and Laura Edmonson; and $100 for paralegals. *See Carden, et al. v. Logan Centers,* 3:19-cv-00167-DPM, ECF No. 117, filed 9/28/2022; *see also Rorie, et al. v. WSP2, et al.,* 5:20-5106, ECF No. 60, filed 10/20/21. With respect to Daniel Ford, the approved rate herein reflects a modest increase since *Rorie*, consistent with this Court's continued experiences with Mr. Ford which favorably reflect his ability to perform lead counsel functions in FLSA litigation.

B.      **Reasonable Number of Hours Worked**

A court has discretion to determine the number of hours to be awarded when conducting the "lodestar" calculation. *See Fires v. Heber Springs Sch. Dist.,* 565 F. Appx. 573, 576 (8th Cir. 2014). In exercising this discretion, the court "should weigh the hours claimed against [the court's] own knowledge, experience, and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quotations omitted).

In the exercise of billing judgment, SLF says it self-edited the itemized submission. The Court commends counsel for submitting billing records which are not replete with staff billings, endless inner-office consulting, and the "over-the-shoulder-lawyering" described by Chief Judge Marshal in *Carden*. Nevertheless, there yet remains too much conferencing and duplication, ostensibly caused by employing eight lawyers and a paralegal to work on a single litigant's FSLA matter. In this regard, the Court notes that, from the outset, Plaintiff's case was never going to be a collective action, and his FSLA claims were routine and plain vanilla – neither novel nor complex. Staffing remains the choice of the law firm; however, this Court consistently declines to shift the costs of inherent inefficiencies to Defendants.

Defendants complain about the total amount of fees sought, recommending a contingent styled fee of $1,600 but not more than $3,600 based upon Plaintiff's contract with his counsel. Defendants address the *Johnson* factors but make no particularized objection to any of the line items in SLF's billing; instead, Defendants urge that the contingent nature of the representation along with the lack of complexity should result in a considerable reduction. In so doing, Defendants' counsel – himself one of the named defendants – expresses his considerable frustration, sharing examples during the litigation which caused him to view with disfavor Plaintiff's counsels. While anecdotes provide background for Defendants' objections, they do not themselves provide a legal basis for reduction of otherwise legitimate billings.

After careful review of the pleadings and SLF's itemized billings, the Court will make the following reductions, eliminating 5.7 hours by Mr. Sandford spent examining other lawyers' work and conferring within the firm; 5.5 hours by Mr. Ford for similar internal conferencing and reading routine ECFs and notifications; 5 hours spent by Ms. Edmonson reading, researching and preparing a six (6) page reply brief (permitting recovery of 2 hours spent on this project); 1.0 hour by Mr.

Chatham preparing an amended complaint (allowing recovery of only 1.0 hour in preparation of the amended complaint for its 10 modest modifications – 1 paragraph omitted and 9 factual allegations added to the original complaint); 1.7 hours by Mr. Rauls related to overseeing Ms. Lowery's work in responding to one of Defendants' summary judgment motions, noting that Mr. Rauls' substantive contributions herein appear primarily related to preparation of a damages spreadsheet; 1.0 hour by Ms. Kinney for excessive work on a short, perfunctory reply brief in support of Plaintiff's MSJ (allowing 1.0 hour for this task); and 2.1 hours by Ms. Kinney for excessive work on Plaintiff's motion for fees (noting that, together with 1.25 hours of work by the paralegal, 1 hour by Ms. Kinney on the motion will be allowed).[2]

In making its review, the Court notes there were some early discovery disputes and significant motion practice – Defendants initially filed a motion to dismiss and motion for partial summary judgment (ECF Nos. 9, 10) which required response but were later mooted by Plaintiff's amended complaints. Plaintiff thereafter succeeded on his motion to dismiss Defendants' counterclaims (ECF No. 33) and on his motion for partial summary judgment (ECF No. 38) while defeating Defendants' motion for summary judgment. (ECF No. 40).  The matter did not appear headed for resolution until Judge Brooks ruled on the competing dispositive motions (ECF No. 52) during the parties' *second* magistrate judge settlement conference, reflecting the hard-fought nature of the litigation.

---

[2] SLF has filed numerous motions for fees in Arkansas' federal courts; the undersigned takes notice of the fact that only modest itemization and customization of SLF's standard motion is required before filing.

C.  **Final Lodestar Amount**

The Court will award attorneys' fees to Plaintiff in the amount of $17,577.50 which reflects the following timekeepers, approved hourly rates, and hours reasonably expended, all of which can be fairly shifted to Defendants pursuant to 29 U.S.C. §216(b):

| Lawyer | Hours | Rate | Total |
|---|---|---|---|
| Josh Sanford | 4.3 hours | $250 hour | $1,075 |
| Vanessa Kinney | 23.0 hours | $200 hour | $4,600 |
| Steve Rauls | 1.4 hours | $200 hour | $280 |
| Daniel Ford | 29.7 hours | $200 hour | $5,940 |
| Courtney Lowery | 10.3 hours | $150 hour | $1,545 |
| Rob Chatham | 4.8 hours | $150 hour | $720 |
| Rebecca Matlock | 3.4 hours | $125 hour | $425 |
| Laura Edmonson | 2.7 hours | $125 hour | $337.50 |
| Paralegal | 26.55 hours | $100 hour | $2,655 |
| **TOTAL** | | | **$ 17,577.50** |

Although Plaintiff's settlement was relatively modest, it was not *de minimis*, and the Court finds no basis for adjusting the fee because of the results obtained. *See Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).

D.  **Costs**

Plaintiffs seek an award of costs in the amount of $729.80 which are comprised of a transcript cost, filing fee and service fees, all of which will be awarded.

**IT IS THEREFORE ORDERED AND ADJUDGED**, for reasons stated herein, that Plaintiff's Motion for Costs and Attorney's Fees (ECF No. 56) should be, and it hereby is,

**GRANTED as modified by the Court,** and Plaintiff awarded costs in the amount of $729.80 and attorneys' fees in the amount of $17,577.50, against Defendants, jointly and severally, for a total award of $18,307.30.

**IT IS SO ORDERED** this 16th day of November 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE