IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**BENJAMIN FOLTA**                                                                                       **PLAINTIFF**

vs.                                               No. 3:12-cv-3038-CDC

**NORFORK BREWING COMPANY**                                             **DEFENDANTS**
**and JASON AAMODT**

## DECLARATION OF ATTORNEY JOSH SANFORD

Pursuant to 28 U.S.C. § 1746, Josh Sanford declares, subject to the penalties for perjury, as follows:

1. My name is Josh Sanford, and I am over the age of 18 and duly qualified to execute this Declaration and to swear to the accuracy of the facts herein contained.

2. I previously filed a declaration in support of Plaintiff's Motion for Costs and Attorney's Fees and Request for Oral Argument (ECF No. 56). The information contained in that declaration has not changed. However, Plaintiff's defense of this Court's Order on appeal involved different processes than the prosecution of the initial case. This declaration provides additional information only relevant to Plaintiff's defense on appeal.

3. In its Order granting fees and costs, this Court approved the following hourly rates for Sanford Law Firm attorneys: $250 for Josh Sanford, $200 for Vanessa Kinney, $200 for Daniel Ford, and $100 for paralegals. Plaintiff respectfully requests a $50.00 per hour increase in these rates to account for the more complicated, and therefore more

valuable, work performed at the appellate level.[1] Accordingly, Plaintiff requests $383 per hour for Josh Sanford, $250 for Vanessa Kinney, $250 for Daniel Ford, and $150 for paralegals.

4. Plaintiff requests the following rates for attorneys who performed work on the appeal but not in the initial case: $250 for Karolina Viehe.

5. The full individual billing requested in this case, including the requested hourly rates for each attorney and support staff for whom billing is requested, is summarized below:

| Billed By | Rate | Time | Value |
|---|---|---|---|
| Josh Sanford | $383.00 | 3.1 | $1,187.30 |
| Daniel Ford | $250.00 | 23.6 | $5,900.00 |
| Vanessa Kinney | $250.00 | 47.7 | $11,925.00 |
| Karolina Viehe | $250.00 | 4.6 | $1,150.00 |
| Paralegal | $150.00 | 8.3 | $1,245.00 |

6. As with the initial case, each attorney's hourly rates are supported by their skills and experience. The details regarding those attorneys who worked on the initial case have not changed and are found in my initial declaration (ECF No. 56-2). The information for attorneys who worked only on the appeal are below:

   a. Attorney Karolina Viehe graduated magna cum laude from Valparaiso University School of Law in 2012. Ms. Viehe was an Honors Program Participant. Her practice focuses primarily on employment law, including the FLSA. While attending law school, Ms. Viehe served as the President of Amnesty International Association and was a member of the Intellectual Property Law Association. Also as a law student, Ms. Viehe served as the Judicial Extern for the Honorable Magistrate Judge William G. Hussmann of the U.S. District Court for the Southern District of Indiana and as Certified Legal Intern for the Vanderburgh County Prosecutor's Office.

---

[1] The requested increase in my hourly rate is more than $50.00 per hour to account for the fact that I was attorney of record on appeal.

7. The rates requested for these attorneys are in keeping with the Court's initial award of fees and hourly rates deemed reasonable by other Courts in this district and the Eastern District of Arkansas.[2]

8. The request for attorney's fees and costs is based upon contemporaneous time and expense records maintained by Sanford Law Firm as a matter of ordinary and customary business practice. The time and billing records identify the amount of time expended, the tasks performed, the rate of the particular timekeeper involved, and the costs incurred. A true and accurate copy of a spreadsheet reflecting relevant legal services rendered and time expended on this case between November 29, 2022 (when Notice of Appeal was filed) and the date of the filing of Plaintiff's Motion to Amend Judgment to Include Appellate Costs and Attorneys' Fees is attached to said Motion as Exhibit 1 (hereinafter "Billing Spreadsheet").

9. A categorized summary of the time expended in pursuit of the appeal is below:

| Category | Time | Value |
|---|---|---|
| **Appeal** | 75.7 | $18,441.60 |
| **Case Management** | 2.0 | $726.10 |
| **Client Communication** | 3.0 | $450.00 |
| **In-House Conference** | 1.3 | $404.80 |
| **Motion for Appeal Fees** | 4.5 | $1,125.00 |
| **Opposing Counsel Communication** | 0.8 | $259.80 |

---

[2] *See Intres v. Neumeier Enter., Inc.*, No. 2:22-cv-02067-PKH-MEF, 2023 U.S. Dist. LEXIS 123543, at *12 (W.D. Ark. June 29, 2023) (awarding Attorney Matlock an hourly rate of $225.00); *Holcombe v. Midwest Outdoor Concepts, LLC*, No. 5:22-CV-5161, 2023 U.S. Dist. LEXIS 72031, at *6 (W.D. Ark. Apr. 25, 2023) (awarding Attorney Matlock an hourly rate of $225.00 and Attorney Brown an hourly rate of $150.00); *Clark v. Pollo, LLC*, No. 4:20-CV-01100-LPR, 2023 U.S. Dist. LEXIS 54207, at *5 (E.D. Ark. Mar. 29, 2023) (awarding Attorney Matlock an hourly rate of $150.00 and Attorney Brown an hourly rate of $125.00).

10. Where appropriate, Sanford Law Firm attorneys also delegate work to paralegals. The requested hourly rates for Sanford Law Firm's paralegals are the same as what this Court awarded on Plaintiff's first request for fees. The work performed by support staff members in this case was necessary to the litigation and the time spent on those tasks was reasonable.

11. In preparing to support Plaintiff's Motion for Costs and Attorneys' Fees, Sanford Law Firm exercised billing judgment in calculating the lodestar, reviewing records of hours worked and writing off entries for time spent on tasks which could be viewed as unproductive, excessive, redundant, or which were otherwise deemed as appropriate for writing off completely or reducing as part of Plaintiff's request for reasonable attorneys' fees in this case. Items deducted or reduced also included items for which billing was insufficiently clear to describe how the time was spent, a portion of in-house conferences, a portion of time related to case management and other items where appropriate. As a result of this good faith review, the total billing was reduced to $21,407.30.

12. Billing entries that were completely deducted from the total relevant billing during this review (meaning the time requested was reduced to zero) were removed from and do not appear in the Billing Spreadsheet, but were preserved and may be produced upon request.

13. In addition, court costs and recoverable expenses were also incurred in this matter. These costs, totaling $790.73, are included in the Costs Invoice attached as Exhibit 3 to Plaintiff's Motion. The costs and expenses detailed in the Invoice have been advanced by the Sanford Law Firm on behalf of Plaintiff, and Plaintiff is contractually

obligated to reimburse Sanford Law Firm out of any recovery in this case.

14.   The amount of the costs requested is correct. The costs stated were necessarily incurred during the case, the services giving rise to the costs were actually and necessarily performed.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 18th day of January, 2023.

*/s/ Josh Sanford*
**JOSH SANFORD**