# United States Court of Appeals
## For the Eighth Circuit

---

No. 22-3518

---

Benjamin Folta,

*Plaintiff - Appellee*,

v.

Norfork Brewing Company; Jason B. Aamodt,

*Defendants - Appellants*.

---

Appeal from United States District Court
for the Western District of Arkansas - Harrison

---

Submitted: September 20, 2023
Filed: December 22, 2023

---

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

---

COLLOTON, Circuit Judge.

Benjamin Folta sued Norfork Brewing Company and its owner, Jason B. Aamodt, under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. The parties settled the case, but Norfork and Aamodt then brought this appeal to argue that the district court lacked jurisdiction. Because the private settlement between the

parties disposed of Folta's claims, and there is no final decision of the district court from which to appeal in any event, we dismiss the appeal for lack of jurisdiction.

Norfork operates a small brewery in Arkansas. Folta was employed there from approximately May 2018 through February 2021. In this action, he claimed that Norfork and Aamodt failed to provide overtime compensation, as required by the FLSA, when he worked more than forty hours per week. We will refer to the company and owner, collectively, as Norfork.

Following discovery, Norfork moved for summary judgment on the ground that Folta was not a covered employee under the FLSA. The FLSA requires minimum wage and overtime compensation only for employees who are "engaged in commerce or in the production of goods for commerce" or who work for an enterprise that is so engaged. 29 U.S.C. §§ 206(a), 207(a)(1). The court concluded that there were genuine issues of material fact on this question, and denied Norfolk's motion for summary judgment.

At the same time, Folta moved for partial summary judgment. He argued that if he were covered by the FLSA, then the undisputed facts showed that he would be entitled to overtime pay. The district court agreed with Folta and granted partial summary judgment for him on entitlement to pay. But neither the denial of summary judgment nor the grant of partial summary judgment was a final decision that could be appealed. *See Ortiz v. Jordan*, 562 U.S. 180, 188 (2011); *Liberty Mut. Ins. v. Wetzel*, 424 U.S. 737, 744 (1976). Therefore, the case remained pending in the district court to resolve whether Folta was a covered employee under the FLSA.

The parties then reached a settlement agreement. The district court concluded that the agreement was fair and reasonable, and described it as "resolving Plaintiff's FLSA claims." The court later awarded attorney's fees to Folta under the statute. *See* 29 U.S.C. § 216(b).

On appeal, Norfork seeks to challenge the denial of its motion for summary judgment and the grant of partial summary judgment for Folta. Among other things, Norfork maintains that the district court lacked subject matter jurisdiction over the case; the company asserts that whether an employee is covered under the FLSA is a "jurisdictional" question. Folta responds that the appeal is moot in light of the settlement, and that this court lacks appellate jurisdiction in any event because the district court never entered a final decision. *See* 28 U.S.C. § 1291.

"Article III restricts federal courts to the resolution of cases and controversies." *Davis v. FEC*, 554 U.S. 724, 732 (2008). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).

When parties settle all of their claims, a case generally becomes moot. *See Hammond Clock Co. v. Schiff*, 293 U.S. 529, 529 (1934) (per curiam); *Chaganti & Assocs. P.C. v. Nowotny*, 470 F.3d 1215, 1225 (8th Cir. 2006); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3533.2 (3d ed. 2023). Courts are not licensed "to retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest, as when the parties have settled." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000). The settlement agreement in this case is not in the record, but the district court characterized it as "resolving Plaintiff's FLSA claims." Because the settlement resolved all of Folta's claims, there is no live case or controversy.

Norfork asserts that the settlement agreement reserved its ability to pursue its "jurisdictional" argument on appeal. According to the company, the agreement states that Norfork "does not waive any defense asserted in the litigation." But where the parties have settled their claims, they cannot avoid mootness by agreement. *Lake*

*Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 120 (1985) (per curiam); *Allflex USA, Inc. v. Avid Identification Sys., Inc.*, 704 F.3d 1362, 1368-69 (Fed. Cir. 2013); *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369, 374 (11th Cir. 2012). Even if we assume that parties could in some circumstance maintain a live controversy by providing in a settlement agreement for a right to appeal, *see Avid Identification Sys., Inc. v. Crystal Import Corp.*, 603 F.3d 967, 971-72 (Fed. Cir. 2010), the language cited here is insufficient. Norfork asserts that the agreement did not "waive any defense," but the company cites no provision unequivocally reserving a right to appeal. The language would be insufficient to allow an appeal from a consent judgment, *see Scanlon v. M.V. SUPER SERVANT 3*, 429 F.3d 6, 8-9 (1st Cir. 2005); the same conclusion applies with respect to a settlement agreement. And the district court's orders denying summary judgment and granting partial summary judgment establish no final decision of the district court from which to appeal in any event.

For these reasons, the appeal is dismissed.

______________________________