IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**BENJAMIN FOLTA**                                                     **PLAINTIFF**

vs.                                      No. 3:21-cv-3038-CDC

**NORFORK BREWING COMPANY**                           **DEFENDANTS**
**and JASON AAMODT**

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND JUDGMENT UNDER RULE 59(E) TO INCLUDE APPELLATE COSTS AND ATTORNEYS' FEES

Plaintiff brought this case under the FLSA, 29 U.S.C. § 201 *et seq.*, and the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, to recover unpaid wages. After motions practice, discovery and document exchange, damages calculations and settlement negotiations, these efforts resulted in a settlement between the parties that reserved the issue of reasonable attorneys' fees and costs for this Court. Plaintiff then filed Motion for Costs and Attorneys' Fees (ECF No. 56) and this Court granted the Motion as modified by the Court and awarded Plaintiff costs in the amount of $729.80 and attorneys' fees in the amount of $17,577.50, against Defendants, for a total award of $18,307.30 (ECF No. 63)

Dissatisfied with this result, Defendants filed a Notice of Appeal and argued lack of this Court's jurisdiction despite the settlement between the parties and despite the fact there was no final decision of this Court from which to appeal. (ECF No. 64). After the parties filed their briefs, the Eighth Circuit heard their oral arguments. The Eighth Circuit decided that because the private settlement between the parties disposed of

Page 1 of 5
Benjamin Folta v. Norfork Brewing Co., et al.
U.S.D.C. (W.D. Ark.) Case No. 3:21-cv-3038-CDC
Brief in Support of Plaintiff's Motion to Amend Judgment Under
Rule 59(e) to Include Appellate Costs and Attorneys' Fees

Plaintiff's claims, and because there was no final decision of this Court from which to appeal, the Eighth Circuit dismissed the appeal. *See* The Eighth Circuit's decision attached as Exhibit 4 to Plaintiff's Motion to Amend Judgment to Include Appellate Costs and Attorneys' Fees. Yet, Plaintiff had to spend time and money to defend the appeal. Accordingly, Plaintiff's costs and attorney fees associated with defending this case before the Eighth Circuit are recoverable from Defendants.

## I.    LEGAL STANDARD

This Court has "'broad discretion in determining whether to alter or amend judgment' under Rule 59(e)." *Ryan v. Ryan*, 889 F.3d 499, 507–08 (8th Cir. 2018) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)). Motions under Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Id*. at 507 (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).

## II.    ARGUMENT

The Court's Judgment in this case should be altered to include the time and resources Plaintiff expended in defending this case before the Eighth Circuit. This Court has already awarded Plaintiff fees and costs associated with successfully prosecuting the initial case. Accordingly, Plaintiff should be awarded the fees and costs associated with defending this case before the Eighth Circuit and this Court should amend its Judgment to include those fees and costs.

Page 2 of 5
Benjamin Folta v. Norfork Brewing Co., et al.
U.S.D.C. (W.D. Ark.) Case No. 3:21-cv-3038-CDC
Brief in Support of Plaintiff's Motion to Amend Judgment Under
Rule 59(e) to Include Appellate Costs and Attorneys' Fees

A. **Legal Standard: Plaintiff should be awarded fees and costs**

Under the FLSA, a party may be awarded an "additional attorney's fee for services rendered on appeal." *Clymore v. Far-Mar-Co, Inc.*, 576 F. Supp. 1161, 1164 (W.D. Mo. 1983); *See also Sanders v. Elephant Butte Irrigation Dist. Of N.M.*, 112 F.3d 468, 472 (10th Cir. 1997) (deeming FLSA plaintiff entitled to attorneys' fees following successful appeal); *Whittingham v. Nordam Grp., Inc.*, 429 F.3d 986 (10th Cir. 2005) (same in ADEA case); *Newhouse v. Robert's Ilima Tours*, 708 F.2d 436, 441 (9th Cir. 1983) (holding that attorney's fees under the FLSA "may include fees for appellate and post-remand services"); *Heder v. City of Two Rivers*, 93 Fed. Appx. 81, 82 (7th Cir. 2004) ("Plaintiff is entitled to an award of fees for defending the district court's award.").

When examining whether a party is a "prevailing party" for purposes of awarding attorneys' fees, the appellate phase is not viewed in isolation, but rather the issue of prevailing party status is viewed through the lens of the case as a whole. *Clymore*, 576 F. Supp. at 1164 ("Regardless of how many courts consider this matter, it is only one lawsuit with only one prevailing party."). A "typical formulation" of prevailing party status is that a party may be considered "prevailing" for purposes of awarding attorney's fees if the party succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id*. Fees for appellate work may be awarded because they are part of those fees that a client would normally be expected to shoulder. *See Id*. at 1164–65. "Neither [P]laintiff nor his counsel should be penalized by [D]efendant's decision to litigate this case every inch of the way." *Clymore*, 576 F. Supp. at 1165.

Page 3 of 5
Benjamin Folta v. Norfork Brewing Co., et al.
U.S.D.C. (W.D. Ark.) Case No. 3:21-cv-3038-CDC
Brief in Support of Plaintiff's Motion to Amend Judgment Under
Rule 59(e) to Include Appellate Costs and Attorneys' Fees

### B. The appeal fees and costs are reasonable.

The fees and costs Plaintiff requests are reasonable. Plaintiff respects this Court's decision to "follow the precedent of judges in both the Western and Eastern districts" in its determination of fees, but respectfully requests higher hourly rates for his counsel's work on appeal. To begin with, courts in this district and in the Eastern District have awarded Plaintiff's counsel higher hourly rates than those relied on by this Court for trial work performed on similar cases. *See, e.g.*, *Holcombe v. Midwest Outdoor Concepts, LLC*, No. 5:22-CV-5161, 2023 U.S. Dist. LEXIS 72031, at *5 (W.D. Ark. Apr. 25, 2023) (awarding Attorney Sanford an hourly rate of $300.00); *Rodriguez v. George's, Inc.*, No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997, at *5 (W.D. Ark. Mar. 23, 2021) (awarding Attorney Sanford an hourly rate of $300.00); *Murdock v. McNair*, No. 5:17-CV-05225, 2018 U.S. Dist. LEXIS 204140, at *5 (W.D. Ark. Dec. 3, 2018) (stating that $300.00 is a proper hourly rate for Attorney Sanford, but granting the requested $325.00 hourly rate based on the plaintiff's voluntary reductions of Mr. Sanford's work); *Intres v. Neumeier Enter., Inc.*, No. 2:22-cv-02067-PKH-MEF, 2023 U.S. Dist. LEXIS 123543, at *12 (W.D. Ark. June 29, 2023). Additionally, appellate work is inherently more complicated, and therefore more valuable, than work performed at the trial level. The adjusted hourly rates reflect the increase in value in the work performed on appeal. Plaintiff requests fees and costs accrued between November 29, 2022 (when the Notice of Appeal was filed) and the date of the filing of this Motion.

The time expended on defending against the appeal is reasonable. Plaintiff primarily requests an award for the time spent in drafting his appeal brief, travel time and time spent on preparing and presenting oral arguments in front of the Eighth Circuit,

Page 4 of 5
Benjamin Folta v. Norfork Brewing Co., et al.
U.S.D.C. (W.D. Ark.) Case No. 3:21-cv-3038-CDC
Brief in Support of Plaintiff's Motion to Amend Judgment Under
Rule 59(e) to Include Appellate Costs and Attorneys' Fees

but also requests the time otherwise associated with the appeal such as communicating with opposing counsel, communicating with Plaintiff, and in preparing this Motion. Plaintiff's counsel took great effort in reducing the costs and fees associated with defending this case on appeal and requests only time that can be directly tied to the appeal. Accordingly, Plaintiff respectfully requests that this Court amend its final judgment to include $21,407.30 in attorneys' fees and $790.73 in costs incurred in defending this case on appeal.

Respectfully submitted,

**PLAINTIFF BENJAMIN FOLTA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 5 of 5
Benjamin Folta v. Norfork Brewing Co., et al.
U.S.D.C. (W.D. Ark.) Case No. 3:21-cv-3038-CDC
Brief in Support of Plaintiff's Motion to Amend Judgment Under
Rule 59(e) to Include Appellate Costs and Attorneys' Fees