# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

| | | |
|---|---|---|
| Benjamin Folta, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: 3:21-cv-3038-TLB |
| | ) | |
| Norfork Brewing Company, and | ) | |
| Jason Aamodt, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE AND COMBINED BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO ALTER JUDGMENT TO INCLUDE APPELLATE COSTS AND ATTORNEY FEES UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Come now, the Defendants respectfully by and through their counsel of record, Jason Aamodt, to respond to Plaintiff's Motion to Amend Judgment Under [Federal] Rule [of Civil Procedure] 59(e) to include Appellate Costs and Attorneys' Fees [Doc. No. 69] (herein "Plaintiff's Motion") and to Plaintiff's Brief in Support [Doc. No. 70]. For the reasons stated herein, Plaintiffs' Motion should be denied for three reasons:

1) Pursuant to Supreme Court precedent, Federal Rule of Civil Procedure (herein "FRCP") 59(e) is not a proper vehicle for seeking attorney fees. *See White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)

2) Plaintiff waived any claim to Attorney Fees or Costs before the Eighth Circuit Court of Appeals by not timely seeking them pursuant to Eighth Circuit Court

1

of Appeals Local Rule 47C;

3) Plaintiff seeks an outlandish and unreasonable fee.

Because Plaintiff waived any claim for attorney fees by not timely requesting them and because his request to amend judgment is out of time the court should not consider this Request and should deny it. To the extent the Court would entertain this request it should be denied as seeking an unreasonable fee.

***FRCP 59(e) is not a proper vehicle for seeking Attorney Fees.*** The Supreme Court is clear that FRCP 59(e) should not be used to seek attorney fees. *See White*, 455 U.S. at 451. In *White*, the Supreme Court held that "a request for attorney's fees ... raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply." *Id.*; *see also United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 208–09 (3d Cir.2000). FRCP 59(e) is an inappropriate vehicle for fee petitions because as stated in *White*—the fee petition is a "legal issue collateral to the main cause of action" and cannot be construed as a request for relief from judgment. *White*, 455 U.S. at 451, 102 S.Ct. 1162. The Plaintiff's motion therefore should be denied because it is not warranted by existing law.

***Plaintiff waived his claim for Attorney Fees.*** Eighth Circuit Court of Appeals Local Rule 47C provided Plaintiff with a legal basis to seek fees. It states:

> (a) Motion for Fees. A motion for attorney fees, with proof of service, **must be filed with the clerk within 14 days after the entry of judgment**. The party against whom an award of fees is sought must file objections to an allowance of fees within 7 days after service. The court may grant on its own motion an allowance of reasonable attorney fees to a prevailing party.

2

> (b) Determination of Fees. On the court's own motion or at the request of the prevailing party,
>
> (c) Mandate. The clerk will prepare and certify an award of attorney fees granted by the court for insertion in the mandate. Issuance of a mandate will not be delayed for an award of attorney fees. If a mandate issues before final determination of a motion for attorney fees, the clerk of the district court, on the request of the clerk of this court, will add the award and its amendments to the mandate.

The Eighth Circuit process provides for a three step process for seeking attorney fees:  1)  a motion for fees "**must** be filed with the clerk within 14 days after the entry of judgment"; then 2) "a motion for attorney fees may be remanded to the district court or administrative agency for appropriate hearing and determination"; and finally if granted, "the clerk will prepare and certify an award of attorney fees granted by the court for insertion in the mandate."  *See* Eighth Circuit Court of Appeals Local Rule 47C.

The Plaintiff failed to take any steps to secure attorney fees as required by Eighth Circuit Court of Appeals Local Rule 47C.   The Entry of Judgment by the Eighth Circuit Court of Appeals on the Appeal was made on December 22, 2023.  As the docket from the Eighth Circuit shows, no Motion for Attorney Fees was made at any time before the Court of Appeals.  The Mandate to this Court issued on January 18, 2023.  It does not certify an award of Attorney Fees and provides no direction regarding the District Court's Judgment, other than it is confirmed.[1]  There was no new judgment from this Court and accordingly,

---

[1] The case of *Little Rock Sch. Dist. v. Arkansas*, 127 F.3d 693, 696 (8th Cir. 1997) is inapplicable here.  In that case the Plaintiffs were seeking attorney fees while parts of the complicated Little Rock redistricting case went on appeal, and the Plaintiffs twice moved the District Court to extend the deadline

3

under Local Rule 54.1 there is no judgment from which Plaintiff can timely seek an award of attorney fees and under its rule, this is a failure to timely present a petition for an award of attorney fees and should be "considered a waiver."

***Plaintiffs seek an outrageous fee.*** The total settlement to the Plaintiff of this case was $6,000. For that, Plaintiffs attorneys seek more fees on appeal than they were awarded for prosecuting the case, even though their entire effort on appeal constituted a single brief that was mainly copied from their earlier work, and a single hearing. In total, for having achieved a $6,000 settlement, the Plaintiff's Attorneys seek $39,715.60[2] in fees.

Looking back to the arc of this case, it does not escape recollection that this Court

---

for filing for fees. When all the litigation was complete, the matter of all the fees was presented to the District Court, including both the district and appellate matters. It was an unusual case that raised the issue of whether the District Court could maintain jurisdiction over fees while the matter was pending on appeal, and the appellate Court said it could under those circumstances. However, the Eighth Circuit also said that *in the usual* case like this one:

> The usual practice for awarding fees and costs under 42 U.S.C. § 1988 is for this Court to fix the compensation for services rendered before it, and for the District Court to do so for services rendered before it. *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 138 (8th Cir.1982) (*en banc*). The policy behind Rule 47C is that fee awards should be determined by the court most familiar with the legal services in question. In this case, as in any other before this Court, the plaintiffs should have filed a motion to this Court for fees incurred on appeal. If they had done so, we could have remanded the matter to the District Court for its determination; but we probably would have kept the motion here and decided it ourselves.

*Little Rock Sch. Dist.*, 127 F.3d at 696. The case before this Court was the usual case, where the final judgment had already been entered. If this were a case where something was remanded to the District Court to do, then there would be additional litigation before this Court and procedurally a basis for a new entry of judgment, at which time this Court would again enter its own judgment and then attorney fees might be sought and might be entertained – there would still be the question of why they were not waived under the Appellate Court Rules – and issue not addressed in *Little Rock School District.* But that simply is not the case here – there is no new judgment by the Court and the Plaintiff's attempt to use Rule 59(e) demonstrates that it lacks "legal contentions" "warranted by existing law" to support its motion.

[2]   Strangely, Plaintiff's spreadsheet totals $1 less than its request.

4

created an early settlement process to provide a remedial avenue to the Plaintiff's law firm's exaggerated fee requests.  But, in hindsight, one can see exactly how the Plaintiff's attorney sidestepped the Court's process, even a process designed to stop exactly what Plaintiff's attorneys actually did.

It began in the September 23, 2021 settlement conference before Judge Ford.  In that hearing, the Defendants asserted that they could not ascertain the Plaintiff's request for damages – that the Plaintiff's initial disclosures were lacking, and that Plaintiff alleged underpayment for times that the Plaintiff was on vacation or was clearly not working because other records, like the entries of when the Plaintiff disarmed the security system for the brewery building showed that Plaintiff was not working.  Light on any facts, Plaintiff stuck to his guns, and would not accept anything less than what became his initial (and only) disclosures of his damages.  He demanded no less and would not compromise at the 2021 settlement conference, even though Defendants offered $5,000 – nearly what the Defendant ultimately settled for in 2023 after Plaintiff's counsel padded their time account.

After the Settlement Conference in the Joint Status Report, the issue of Initial Disclosures arose:

> Defendants assert Plaintiff has failed to meet the requirements of Initial Disclosures and has failed to identify any relevant subject matter, any witnesses, and proposed a meaningless and improper damage calculation.
>
> Plaintiff fully disputes this assertion and affirmatively states that it properly provided Initial Disclosures to Defendant on September 3, and that any damages calculations that he prepared were preliminary

5

> for the purpose of the settlement conference, and any limitation to their accuracy was a result of estimation necessitated by Defendants' refusal to provide any payroll or employment documents to date. Plaintiffs will timely supplement their disclosures with an updated damage calculation upon receipt of necessary discovery from Defendants

See Doc. No. 21 at 4.

In the November 1, 2021 status conference before Judge Brooks, Plaintiff's Counsel agreed to amend its initial disclosures, but never did. Ultimately, the Plaintiff's counsel used the refusal to disclose his damages to prevent an early settlement of this case, and by so doing his Counsel artfully avoided this Court's palliative process of an early settlement conference.

At the final settlement conference in 2023, the Plaintiff initially asserted his faulty damages calculation, but ultimately dropped the demand to essentially the amount Defendants offered in 2021 in the face of evidence that Defendants timely disclosed– evidence Plaintiff knew was true and which invalidated his claim all along.

So, ultimately the vast bulk of the Plaintiff's attorneys' fees were unnecessary and were sought and obtained by subverting this court's process. But, no matter, Defendants have already agreed to pay those fees and the underlying judgment after the issue of jurisdiction was found moot on appeal by the Eighth Circuit. However, the fact that Plaintiffs already were paid for unnecessary legal work should be taken into account should this Court consider this Plaintiff's untimely and procedurally defective assertion here. In taking those facts into account, the Court should award no more fees.

Looking at Doc. No. 69-1, Exhibit 1 – Billing Spreadsheet, and taking on the

6

question of the factual assertions in supporting the Plaintiff's late and improperly filed attorney fee request, they seek $11,975 for 47.7 hours of time to write a single brief that is largely copied from prior pleadings in this case, or from other pleadings by the Plaintiff's firm in other cases. See Exhibit 1 hereto, Reorganization of Plaintiff's Claimed Fees. See also Exhibit 2, Declaration. In total the substantive portion of Appellee's Brief spanned about 37 pages, meaning that the drafting of a single brief took well more than an hour a page for issues that Plaintiff's counsel asserts they are the Nation's most experienced counsel. Defendant's Counsel prepared and filed two briefs on appeal, researching issues with which he needed to learn because he does not regularly practice in FLSA matters. And, in doing so, spent less than 12 hours on a brief comprising approximately 20 pages. Without addressing the fact that Appellees' brief was unnecessarily twice the length of the brief in chief, the time expended was not reasonable, and should at most have comprised 20 hours.

On top of that, Attorney Sanford charged $1,187.30 for reading emails or conferencing with other attorneys without even trying to illustrate why any of that "effort" was necessary or reasonable. The Plaintiff, from the billing records, apparently contacted the firm 20 times over the course of 4 months creating unnecessary charges of $450 for an appeal where no facts were at issue or required his input. Further, the unnamed "Paralegal" would charge $765 for patently clerical activities like "filing Atty appearance."

A total of 22.3 hours are sought for a total of $5575 to prepare and deliver a single 30-minute oral argument (that includes the time allotted to both sides). Notably, travel

time is charged in an undisclosed amount, but is block billed in some cases, and separately billed in others. Counsel for Defendants traveled to oral argument after business hours, and the hearing was completed before 10:30 am. The charges are unreasonable and should not have exceeded 10 hours.

      Plaintiff waived its claim for attorney fees. If the request it considered, and given the Plaintiff counsel's efforts to shirk this Court's attempts to mediate an early settlement that would preclude outrageous attorney fee awards, like the award sought here, no award should be granted. If any award is considered it should be less than 50% of the amount requested as it is clear that the billing entries are exaggerated against the time needed to perform the tasks on appeal.

Respectfully submitted this 20th day of February, 2024,

/s/ Jason Aamodt
Jason Aamodt
INDIAN AND ENVIRONMENTAL LAW GROUP
406 South Boulder Ave., Suite 830
Tulsa, Oklahoma 74103
Telephone: (918) 347-6169
Facsimile: (918) 948-6190
jason@iaelaw.com
*Attorney for Defendants*
*Norfork Brewing Company and Jason Aamodt*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Josh Sanford    josh@sanfordlawfirm.com

/s/ Jason Aamodt
Jason Aamodt