IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BENJAMIN FOLTA                                                                                      PLAINTIFF

v.                                         CIVIL NO. 21-3038

NORFOLK BREWING COMPANY AND
JASON AAMODT                                                                                       DEFENDANTS

## ORDER

Plaintiff sought relief from Defendants pursuant to the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201, *et seq.,* and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.* The parties litigated the matter for seventeen months, and on September 1, 2022, settled the case after participating in a settlement conference. The undersigned approved the parties' settlement (ECF No. 62) and with consent of the parties (ECF No. 54), thereafter considered and granted Plaintiff's Motion for Attorneys' Fees and Costs, awarding Plaintiff $17,577.50 in fees and $729.80 in costs. (ECF No. 63). Defendants then appealed to the Court of Appeals for the Eighth Circuit, arguing a justiciable jurisdictional issue remained because of a pre-settlement ruling by U.S. District Judge Timothy L. Brooks. (ECF No. 64). The matter was fully briefed and argued, and on January 18, 2024, the Eighth Circuit issued its mandate, dismissing the appeal as moot in accordance with its opinion of December 22, 2023. (ECF No. 68).

On the day the mandate was filed, Plaintiff filed a Motion to Amend Judgment under Rule 59 (e) to include Appellate Costs and Attorneys' Fees. (ECF No. 69). Plaintiff seeks to recover $21,407.30 in attorneys' fees for work necessitated by the appeal, requesting amendment of the "judgment" to include this award of fees.

Defendants object on multiple grounds.  Defendants argue that Fed. R. Civ. P. Rule 59(e) is not the proper rule under which to seek fees incurred on appeal, arguing Plaintiff should have filed his fee request with the Eighth Circuit pursuant to Local Rule 47C.  Defendants say that failing to seek fees pursuant to Local Rule 47C constitutes a waiver and Plaintiff should recover no fees; Defendants alternatively challenge that Plaintiff's fee request is excessive and should be reduced.

**I.  The Law**

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."  29 U.S.C. § 216(b) (2008).  Congress included fee-shifting language so citizens would have access to the courts to enforce their federally protected rights.  *Morales v. Farmland Foods, Inc.,* 2013 WL 1704722, at *5 (D. Neb, April 18, 2013).  "The purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances."  *Id*.

Here, the Court is confronted with the unusual instance where Plaintiff prevailed on FLSA liability by virtue of an agreed settlement but subsequently faced an appeal from Defendant.  Despite its odd posture, there is no dispute that Plaintiff was the winner of Defendant's appeal, and thus prevailed and is entitled to fees under 29 U.S.C. § 216(b).  *See Clymore v. Far-Mar-Co., Inc.,* 576 F. Supp. 1161, 1164 (W.D. Mo. 1983*); see also Vines v. Welspun Pipes, Inc.,* 2023 WL 4247395 (8th Cir. June 29, 2023) (citing *Clymore* with approval).  The Court will award fees under Section 216, declining Plaintiff's invitation to use Fed. R. Civ. P. 59(e) for "amendment" of the "judgment."

In so ruling, the Court also rejects Defendant's argument that Rule 47C of the Local Rules for the Court of Appeals for the Eighth Circuit renders the appellate court as the single avenue for fee petitions. *See e.g., Dean v. County of Gage, Nebraska*, 332 F. Supp. 3d 1247, 1251 (D. Neb. 2018). This Court has jurisdiction to decide the issue and award fees for successful work on appeal. *Vaughn v. Westinghouse Elec. Corp.,* 526 F. Supp. 1165, 1169 (E.D. Ark. 1981).

## II.  Analysis

### A.  Reasonable Hourly Rates

When the Court awarded fees in this matter in November 2022, the Court found the following rates reasonable for FLSA work performed by the Sanford Law Firm:  $250 for Josh Sanford; $200 for Vanessa Kinney, Steve Rauls, and Daniel Ford; $150 for Courtney Lowery and Rob Chatham; $125 for Rebecca Matlock and Laura Edmonson; and $100 for paralegals. (ECF No. 63). These rates are settled issues in this matter and the law-of-the-case. *Gander Mountain Co. v. Cabela's, Inc.,* 540 F.3d 827, 830 (8th Cir. 2008). Even were the rates not considered settled, Plaintiff here provides the Court no compelling basis for increased rates to reflect "more complicated work" required at the appellate level or to reflect enhanced fees for acting as "attorney of record on appeal." (ECF No. 69-2). These remain the applicable rates.

### B.  Reasonable Number of Hours Worked

Plaintiff seeks compensation for 79.0 hours of lawyer and 8.3 hours of paralegal work on his successful appeal. After review of the itemized billing, however, the Court finds that many of the hours did not contribute to Plaintiff's success, generally observing it was unnecessary to spend two entire forty-hour work weeks on this very simple appeal. Nevertheless, once Defendants appealed, Plaintiff was required to rebut Defendants' assertions, involving an amount of work that was not insignificant.  Although they vigorously complain about Plaintiff's fee request,

Defendants, in the Court's opinion, ignored well-settled law and filed a doomed appeal, bringing additional financial burdens upon themselves. To the extent the Plaintiff's liability settlement is now dwarfed by fees and costs, Defendants are partly responsible.

Reductions to both lawyer and paralegal hours will be made to eliminate duplicative and unnecessary work, including removal of most entries for conferring, communicating, examining, and reviewing. This leaves for compensation reasonable hours spent in preparation of the brief and reasonable time related to traveling, preparing, and arguing the issue before the Eighth Circuit along with modest time to prepare the fee request. Reasonable fees are "adequate to attract competent counsel but [do] not produce windfalls to attorneys." *Vines v. Welspun Pipes, Inc.*, 2020 WL 3062384 (E. D. Ark. June 9, 2020) (cleaned up); *see also Henrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991). The Court views its reductions as necessary to reach a fee award reflective of the work reasonably required by Defendants' appeal.

**C.     Lodestar Amount**

The Court will award attorneys' fees to the prevailing Plaintiff in the amount of $10,800 which reflects the following timekeepers, approved hourly rates, and hours reasonably expended on appeal, all of which can be fairly shifted to Defendants pursuant to 29 U.S.C. §216(b):

| Lawyer | Hours | Rate | Total |
|---|---|---|---|
| Josh Sanford | 1.0 hour | $250 hour | $250 |
| Vanessa Kinney | 33.5 hours | $200 hour | $6,700 |
| Daniel Ford | 13.5 hours | $200 hour | $2,700 |
| Karolina Viehe | 2.5 hours | $200 hour | $500 |
| Paralegal | 6.5 hours | $100 hour | $650 |
| **TOTAL** | | | **$ 10,800** |

**D.     Costs**

Plaintiff seeks $790.73 in costs related to copying/binding ($112.54), ECF search ($3.80) and travel to the appellate court ($674.39).  Defendants do not specifically challenge any of these costs, and the Court finds them all reasonable, routine, and ordinary.  *See Brown v. Trinity Property Management, LLC,* 2023 WL 2715022 (E.D. Ark. March 29, 2023).  Costs will be awarded in the amount of $790.73.

**IT IS THEREFORE ORDERED AND ADJUDGED**, for reasons stated herein, that Plaintiff's Motion (ECF No. 69) should be, and it hereby is, **GRANTED as modified by the Court,** and Plaintiff awarded costs in the amount of $790.73 and attorneys' fees in the amount of $10,800.00 against Defendants, jointly and severally, for a total award of $11,590.73 incurred on appeal.

**IT IS SO ORDERED** this 26th day of February 2024.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE